UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
CHATTANOOGA DIVISION

| | | |
|---|---|---|
| **VASHITTA SHERRIA LOUISE JOHNSON**, | : | |
| | : | |
| Plaintiff, | : | Civil Action No.: |
| | : | |
| v. | : | **JURY DEMAND** |
| | : | |
| **BRIDGES CONSUMER HEALTHCARE, LLC,** | : | |
| | : | |
| Defendant. | : | |

## COMPLAINT

Plaintiff, **VASHITTA SHERRIA LOUISE JOHNSON** (hereafter referred to as "Plaintiff"), by and through her undersigned counsel, **JOHNSON BECKER, PLLC** and **BAILEY & GREER, PLLC**, hereby submits the following Complaint and Demand for Jury Trial against Defendant **BRIDGES CONSUMER HEALTHCARE, LLC** (hereafter referred to as "Defendant BCH" or "Defendant") alleges the following upon personal knowledge and belief, and investigation of counsel:

## NATURE OF THE CASE

1. This is a product liability action seeking recovery for personal injuries and damages suffered by Plaintiff, after she used and was injured by a "Thermacare (hereafter generally referred to as the "subject HeatWrap").

2. On April 26, 2019, Pfizer, Inc., which previously owned the Thermacare line of HeatWraps, started a recall of its Thermacare HeatWraps because of "cells that have a higher cell temperature than specified," resulting in burn injuries to consumers.[1]

---

[1] See https://www.fda.gov/safety/recalls-market-withdrawals-safety-alerts/pfizer-inc-issues-voluntary-nationwide-consumer-level-recall-one-lot-thermacarer-back-pain-therapy (last accessed August 18, 2021)

3. According to the release issued by Pfizer, Inc, the use of a wrap with a cell with increased temperature poses a potential risk of skin injuries such as burns/blisters and/or skin irritation on the wrap applied area.

4. Upon information and belief, in or around November 2020, Defendant BCH purchased the Thermacare brand name from the previously named Defendant, Pfizer, Inc.

5. On or about November 18, 2019, Plaintiff suffered serious and substantial burn injuries to her right hip, thigh, stomach, and back due to the aforementioned defects in the subject HeatWrap.

6. As a direct and proximate result of aforementioned defects of the subject HeatWrap, the Plaintiff in this case incurred significant and painful bodily injuries, medical expenses, wage loss, physical pain, mental anguish, and diminished enjoyment of life.

## THE PARTIES

7. Plaintiff was, at all relevant times, a resident of the City of Westerville, County of Franklin, State of Ohio.

8. Defendant BCH Inc. is a Delaware corporation, with a principle place of business located at 1100 Market St, Chattanooga, TN 37402, and does business in all 50 states.

9. Upon information and belief, in or around November 2020, Defendant BCH purchased the Thermacare brand name from Pfizer, Inc.

## JURISDICTION AND VENUE

10. This Court has subject matter jurisdiction over this case pursuant to diversity jurisdiction prescribed by 28 U.S.C. § 1332 because the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and there is complete diversity between the parties.

11. Venue is proper in this Court pursuant to 28 U.S.C. § 1391 all or a substantial part of the events or omissions giving rise to this claim occurred in this district.

12. Defendant has sufficient minimum contacts with the State of California and has intentionally availed itself of the markets within California through the promotion, sale, marketing, and distribution of its products.

## FACTUAL BACKGROUND

13. On April 26, 2019, Pfizer, Inc started a recall of its Thermacare HeatWraps because of "cells that have a higher cell temperature than specified," resulting in burn injuries to consumers.[2]

14. According to the release issued by Pfizer, Inc., the use of a wrap with a cell with increased temperature poses a potential risk of skin injuries such as burns/blisters and/or skin irritation on the wrap applied area.

15. Upon information and belief, in or around November 2020, Defendant BCH purchased the Thermacare brand name from the previously named Defendant, Pfizer, Inc.

16. After midnight on November 18, 2019 Plaintiff was at home and sore from her workout, so she decided to use a ThermaCare heat wrap. She wrapped the heat wrap around her lower back and proceeded to get a few things done around the house before sitting down to relax.

17. After wearing the heat wrap for approximately 7 hours, she noticed it had gotten warmer. As her back became irritated and painful, she promptly removed it, revealing burn marks where the heat wrap had been.

18. Plaintiff's pain continued to intensify and she decided to seek medical attention. Due to the pain, she was unable lean back against the driver's seat, as she drove herself to the emergency room at Mount Carmel St. Ann's.

---

[2] See https://www.fda.gov/safety/recalls-market-withdrawals-safety-alerts/pfizer-inc-issues-voluntary-nationwide-consumer-level-recall-one-lot-thermacarer-back-pain-therapy (last accessed August 18, 2021)

19. Plaintiff used the subject HeatWrap for its intended purpose and did so in a manner that was ordinary, reasonable and foreseeable by the Defendant

20. However, the subject HeatWrap was defectively and negligently manufactured by Defendant BCH in that it contained a higher cell temperature than specified.

21. Consequently, the Plaintiff in this case seeks damages resulting from the use of Defendant's HeatWraps as described above, which has caused the Plaintiff to suffer from serious bodily injuries, medical expenses, lost wages, physical pain, mental anguish, diminished enjoyment of life, and other damages.

## CLAIMS FOR RELIEF

## FIRST CAUSE OF ACTION

## STRICT PRODUCTS LIABILITY

22. Plaintiff incorporates by reference each preceding and succeeding paragraph as though set forth fully at length herein.

23. At the time of Plaintiff's injuries, Defendant's HeatWraps were defective and unreasonably dangerous for use by foreseeable consumers, including Plaintiff.

24. Defendant's HeatWraps were in the same or substantially similar condition as when they left the possession of the Defendant.

25. Plaintiff did not misuse or materially alter the subject HeatWrap.

26. The HeatWraps, including the subject HeatWrap, did not perform as safely as an ordinary consumer would have expected them to perform when used in a reasonably foreseeable way.

27. Further, a reasonable person would conclude that the possibility and serious of harm outweighs the burden or cost of making the HeatWraps safe. Specifically:

    a. The HeatWraps designed, manufactured, sold, and supplied by Defendant were defectively designed and placed into the stream of commerce in a defective and unreasonably dangerous condition for consumers;

b. The seriousness of the potential burn injuries resulting from the product drastically outweighs any benefit that could be derived from its normal, intended use;

c. Defendant failed to properly market, design, manufacture, distribute, supply, and sell the HeatWraps, despite having extensive knowledge that the aforementioned injuries could and did occur; and

d. Defendant failed to adequately test the HeatWraps.

28. At the time of Plaintiff's injuries, Defendants' HeatWraps were defective and unreasonably dangerous for use by foreseeable consumers, including Plaintiff.

29. Defendant's actions and omissions were the direct and proximate cause of the Plaintiff's injuries and damages.

**WHEREFORE,** Plaintiff demands judgment against Defendant for damages, together with interest, costs of suit, and all such other relief as the Court deems proper. Plaintiff reserves the right to amend the complaint to seek punitive damages if and when evidence or facts supporting such allegations are discovered**.**

## SECOND CAUSE OF ACTION

## NEGLIGENCE

30. Plaintiff incorporates by reference each preceding and succeeding paragraph as though set forth fully at length herein.

31. Defendant had a duty of reasonable care to design, manufacture, market, and sell non-defective HeatWraps that are reasonably safe for its intended uses by consumers, such as Plaintiff.

32. Defendant failed to exercise ordinary care in the manufacture, sale, warnings, quality assurance, quality control, distribution, advertising, promotion, sale and marketing of its HeatWraps in that Defendant knew or should have known that said HeatWraps created a high risk of unreasonable harm to the Plaintiff and consumers alike.

33. Defendant was negligent in the design, manufacture, advertising, warning, marketing and sale of its HeatWraps in that, among other things, it:

   a. Failed to use due care in manufacturing the HeatWraps to avoid the aforementioned risks to individuals;

   b. Placed an unsafe product into the stream of commerce; and

   c. Were otherwise careless or negligent

**WHEREFORE,** Plaintiff demands judgment against Defendant for damages, together with interest, costs of suit, and all such other relief as the Court deems proper. Plaintiff reserves the right to amend the complaint to seek punitive damages if and when evidence or facts supporting such allegations are discovered.

## THIRD CAUSE OF ACTION

## BREACH OF IMPLIED WARRANTY OF MERCHANTABILITY

34. Plaintiff incorporates by reference each preceding and succeeding paragraph as though set forth fully at length herein.

35. At the time Defendant marketed, distributed and sold its HeatWraps to the Plaintiff in this case, Defendant warranted that its HeatWraps were merchantable and fit for the ordinary purposes for which they were intended.

36. Members of the consuming public, including consumers such as Plaintiff, were intended third-party beneficiaries of the warranty.

37. Plaintiff reasonably relied on Defendant's representations that its HeatWraps were an effective means of pain relief.

38. Defendant's HeatWraps were not merchantable because they had the propensity to lead to the serious personal injuries as described herein in this Complaint.

39. Plaintiff used the subject HeatWrap with the reasonable expectation that it was properly designed and manufactured, free from defects of any kind, and that it was safe for its intended, foreseeable use of pain relief.

40. Defendant's breach of implied warranty of merchantability was the direct and proximate cause of Plaintiff's injury and damages.

**WHEREFORE,** Plaintiff demands judgment against Defendant for damages, together with interest, costs of suit, and all such other relief as the Court deems proper. Plaintiff reserves the right to amend the complaint to seek punitive damages if and when evidence or facts supporting such allegations are discovered**.**

## FOURTH CAUSE OF ACTION

## BREACH OF IMPLIED WARRANTY OF FITNESS FOR A PARTICULAR PURPOSE

41. Plaintiff incorporates by reference each preceding and succeeding paragraph as though set forth fully at length herein.

42. Defendant manufactured, supplied, and sold its HeatWraps with an implied warranty that they were fit for the particular purpose of cooking quickly, efficiently and safely.

43. Members of the consuming public, including consumers such as Plaintiff, were the intended third-party beneficiaries of the warranty.

44. Defendant's HeatWraps were not fit for the particular purpose as a safe means of cooking, due to the unreasonable risks of bodily injury associated with its use.

45. Plaintiff reasonably relied on Defendant's representations that its HeatWraps were a quick, effective and safe means of cooking.

46. Defendant's breach of the implied warranty of fitness for a particular purpose was the direct and proximate cause of Plaintiff's injuries and damages.

**WHEREFORE,** Plaintiff demands judgment against Defendant for damages, together with interest, costs of suit, and all such other relief as the Court deems proper. Plaintiff reserves the right to amend the complaint to seek punitive damages if and when evidence or facts supporting such allegations are discovered.

## INJURIES & DAMAGES

47. As a direct and proximate result of Defendant's negligence and wrongful misconduct as described herein, Plaintiff has suffered and will continue to suffer physical and emotional injuries and damages including past, present, and future physical and emotional pain and suffering as a result of the incident. Plaintiff is entitled to recover damages from Defendant for these injuries in an amount which shall be proven at trial.

48. As a direct and proximate result of Defendant's negligence and wrongful misconduct, as set forth herein, Plaintiff has incurred and will continue to incur the loss of full enjoyment of life and disfigurement as a result of the incident. Plaintiff is entitled to recover damages for loss of the full enjoyment of life and disfigurement from Defendant in an amount to be proven at trial.

49. As a direct and proximate cause of Defendant's negligence and wrongful misconduct, as set forth herein, Plaintiff has and will continue to incur expenses for medical care and treatment, as well as other expenses, as a result of the severe burns she suffered as a result of the incident. Plaintiff is entitled to recover damages from Defendant for her past, present and future medical and other expenses in an amount which shall be proven at trial.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff demands judgment against the Defendant as follows:

A. That Plaintiff has a trial by jury on all of the claims and issues;

B. That judgment be entered in favor of the Plaintiff and against Defendant on all of the aforementioned claims and issues;

C. That Plaintiff recover all damages against Defendant, general damages and special damages, including economic and non-economic, to compensate the Plaintiff for her injuries and suffering sustained because of the use of the Defendant's defective HeatWrap;

D. That all costs be taxed against Defendant;

E. That prejudgment interest be awarded according to proof; and

F. That this Court awards any other relief that it may deem equitable and just, or that may be available under the law of another forum to the extent the law of another forum is applied, including but not limited to all reliefs prayed for in this Complaint and in the foregoing Prayer for Relief.

Dated: November 10, 2021

Respectfully Submitted,

**BAILEY & GREER, PLLC**

/s/ Thomas R. Greer
Thomas R. Greer (#24452)
6256 Poplar Avenue
Memphis, TN 38119
Phone: (901) 680-9777
Fax: (901) 680-0580
tgreer@baileygreer.com

*In association with:*

Adam J. Kress, Esq.  (MN ID #0397289)
*Pro Hac Vice to be filed*
444 Cedar Street, Suite 1800
St. Paul, MN 551
(612) 436-1800
akress@johnsonbecker.com

*Attorneys for Plaintiffs*